DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Dr. Walter Ruf and Defendant-Appellant Summa Health System have appealed from the decision of the Summit County Court of Common Pleas that denied their motions to quash a subpoena filed by Plaintiff-Appellee Cheryl Abels. This Court vacates in part.
 I {¶ 2} On February 5, 2003, Plaintiff-Appellee Cheryl Abels ("Abels") and her husband filed a complaint against Defendant-Appellant Dr. Walter Ruf ("Dr. Ruf") for medical negligence. Abels filed an amended complaint on April 9, 2003. The amended complaint added "Walter R. Ruf, M.D., Inc"; Defendant-Appellant Summa Health System ("Summa"); and Akron City Hospital ("City") as defendants. Abels accused Summa and City of negligent credentialing and negligent retention of Dr. Ruf. The amended complaint also added Abels' minor daughter as a plaintiff.
 {¶ 3} After vast motions and filings by all parties and an appeal to this Court regarding a discovery issue, Summa and City filed a joint motion for summary judgment. Abels responded in opposition to the motion.
 {¶ 4} On November 3, 2005, Dr. Steven M. Radwany filed a motion to quash a subpoena served on him by Abels. The subpoena ordered Dr. Radwany to appear for a deposition and bring "letters, notes, reports, documents of any kind within your possession and/or control relating to Dr. Walter Ruf, including, but not limited to, letters to any department heads, ethics committees, peer review committees, or any other committee or person charged with supervisory, managerial or oversight responsibilities at Summa Health Systems." Abels responded with a motion opposing the motion to quash. Dr. Ruf and Summa also filed motions to quash the subpoena issued to Dr. Radwany and the identical subpoenas issued to Drs. Martin and Nackes. On November 9, 2005, the trial court denied Dr. Radwany, Dr. Ruf, and Summa's motions to quash the subpoenas.
 {¶ 5} Summa has appealed the trial court's decision, asserting one assignment of error. Dr. Ruf has also appealed the trial court's decision, asserting one assignment of error. Dr. Radwany has not appealed. On January 12, 2006, this Court granted Dr. Ruf and Summa's motions to consolidate their appeals. For ease of analysis, we address Summa and Dr. Ruf's assignments of error together.
 II Summa's Assignment of Error Number One
"THE TRIAL COURT ERRED IN DENYING SUMMA HEALTH SYSTEM'S MOTION TO QUASH THE SUBPOENA DUCES TECUM THAT PLAINTIFFS ISSUED TO DR. STEVEN RADWANY."
 Dr. Ruf's Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT DENIED DR. RUF'S MOTION TO QUASH THREE SUBPOENAS DUCES TECUM ISSUED BY PLAINTIFFS TO NON-PARTY PHYSICIANS BECAUSE THESE SUBPOENAS SOUGHT INFORMATION WHICH IS PRIVILEGED UNDER R.C. 2305.24, R.C. 2305.252, AND R.C. 2305.253."
 {¶ 6} In its sole assignment of error, Summa has argued that the trial court erred in denying its motion to quash the subpoena duces tecum issued to Dr. Radwany. In his sole assignment of error, Dr. Ruf has argued that the trial court erred in denying his motion to quash the subpoenas duces tecum issued to Drs. Radwany, Martin, and Nackes. Specifically, both Appellants have argued that the trial court erred because R.C. 2305.24 and R.C.2305.252 provide a comprehensive privilege against disclosure.
 {¶ 7} The subpoenas at issue were served on three individual doctors, Dr. Radwany, Dr. Martin, and Dr. Nackes. Each doctor was commanded to appear and produce the following documents "letters, notes, reports, documents of any kind within your possession and/or control relating to Dr. Walter Ruf, including but not limited to letters to any department heads, ethics committees, peer review committees, or any other committee or person charged with supervisory, managerial or oversight responsibilities at Summa Health Systems." The subpoenas related to documents in the doctor's personal control and possession, not hospital documents.
 {¶ 8} Pursuant to Civ.R. 45(C) a person commanded to appear and produce documents in a subpoena may serve upon "the party or attorney designated in the subpoena written objections to production." Civ.R. 45(C)(2)(b). Moreover, Civ.R. 45(C)(3) allows the trial court to quash or modify a subpoena when one of four conditions is proven. At issue in this case is Civ.R. 45(C)(3)(b), which provides protection when a subpoena requires disclosure of privileged or otherwise protected matter. As previously mentioned, Dr. Radwany, Dr. Ruf, and Summa all filed motions to quash based on Civ.R. 45(C)(3)b).
 {¶ 9} We find that only Drs. Radwany, Martin, and Nackes had standing to file motions to quash Abels' subpoenas. See Jones v.Records Deposition Service of Ohio, 6th Dist. No. L-01-1333, 2002-Ohio-2269 and Ramus v. Ramus (Aug. 19, 1976), 8th Dist. No. 34965, 1976 WL 191006 (holding only the person subpoenaed had standing to file a motion to quash under Civ.R. 45(C)). Given the specific language of the subpoenas, i.e. "within your possession and/or control", we find that only those commanded to appear and produce the documents could file motions to quash the subpoenas. Accordingly, the trial court erred when it considered and ruled on the motions of Dr. Ruf and Summa.
 {¶ 10} Our decision is limited to the specific facts of this case and the subpoenas at issue, we are not deciding if Dr. Ruf or Summa could file a motion to quash the subpoenas if Abels had commanded the doctors produce any other documents, such as hospital records/charts. We note that Dr. Ruf and Summa are not without a method of fighting the disclosure of the subpoenaed documents. Dr. Ruf and Summa have the remaining applicable Civil Rules, such as Civ.R. 26(C), at their disposal.
 {¶ 11} Given that the trial court erred in ruling on Dr. Ruf and Summa's motions to quash we cannot address their appeals from said decision and we do not reach the issue of whether R.C.2305.24 and R.C. 2305.252 protect the subpoenaed information.[1]
 {¶ 12} Based on the foregoing, we decline to address the assignments of error presented.
 III {¶ 13} The judgment of the Summit County Court of Common Pleas is vacated as it relates to denying Dr. Ruf and Summa's motions to quash the subpoenas of Drs. Radwany, Martin, and Nackes. The remaining order is in effect in all other respects. The matter is remanded for proceedings consistent with this opinion.
Judgment vacated in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Slaby, P.J. Boyle, J. concur.
[1] Dr. Radwany did not appeal the denial of his motion to quash; therefore, we cannot review the issue on his behalf.